IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL P. KROKUS, JR., )
)
       Plaintiff, )
)
vs. ) Civil Action No. 13-389
)
CAROLYN W. COLVIN, ACTING )
COMMISSIONER OF SOCIAL SECURITY, )
)
       Defendant. )

O R D E R

AND NOW, this 2nd day of January, 2014, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan,

1

738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] The Court finds no merit to Plaintiff's argument that, under the doctrine of collateral estoppel, or issue preclusion, the Administrative Law Judge ("ALJ") erred in determining his residual functional capacity ("RFC") and in finding that he is not disabled under the Social Security Act. The Court first notes that it is by no means clear that the doctrine of collateral estoppel applies in the way in which Plaintiff maintains that it does. The issue here is whether the doctrine binds a subsequent ALJ, in making findings for a subsequent period, to the same RFC as found by a prior ALJ absent subsequent evidence showing improvement or deterioration of Plaintiff's condition. In arguing that it does, Plaintiff cites to cases from the Fourth and Sixth Circuit Courts of Appeals, Albright v. Commissioner of Soc. Sec., 174 F.3d 473 (4th Cir. 1999), Lively v. Secretary of Health and Human Servs., 820 F.2d 1391 (4th Cir. 1987), and Drummond v. Commissioner of Soc. Sec., 126 F.3d 837 (6th Cir. 1997), and to acquiescence rulings from the Commissioner applicable in those circuits, AR 00-1(4) and AR 98-4(6). However, not only has the Third Circuit not expressly adopted the rationale employed by those courts, it has treated claim and issue preclusion significantly differently, albeit in unreported decisions. In Carter v. Barnhart, 133 Fed. Appx. 33 (3d Cir. 2005), the Circuit held that res judicata did not bind a subsequent ALJ in a social security disability action, not only because the record contained new evidence, but also because the relief sought in the second application for benefits pertained to a later period. See also Clark v. Barnhart, 206 Fed. Appx. 211 (3d Cir. 2006). The decision in Zavilla v. Astrue, 2009 WL 3364853 (W.D. Pa. Oct. 16, 2009), provides a thorough and persuasive explanation as to why, in this Circuit, the doctrines of claim or issue preclusion do not bind a subsequent ALJ to findings and decisions of a prior ALJ when the claimant seeks benefits for a subsequent period of time. Indeed, where district courts typically **have** applied collateral estoppel is where a later ALJ has made a different finding as to an issue not expected to change from one 12-month period to another, such as education or skill level. See Linney v. Colvin, 2013 WL 3102716, at *5 (M.D. Pa. June 18, 2013); Harris v. Astrue, 2010 WL 2038630, at *10 (W.D. Pa. May 19, 2010). Therefore, it would appear that, in this Circuit, a subsequent ALJ is not bound by the RFC findings of a previous ALJ for a later period. The earlier findings are relevant, of course, but lack preclusive effect. What the ALJ must do is consider all of the evidence for the relevant period, not merely take the prior RFC determination and explain any changes from that determination based on evidence of a later change in condition. The ALJ here did this, and substantial evidence supports his decision.

Nonetheless, even assuming that issue preclusion applies as Plaintiff suggests, substantial evidence would still support the ALJ's decision, because there is no evidence that would support the idea that the ALJ was required to find a more

2

restrictive RFC in this case. This case is unlike those cited by Plaintiff in that the ALJ here did not find him to have a less restrictive RFC than did the prior ALJ. Plaintiff, in fact, argues that the RFC found by the ALJ in this case is functionally the same as that found by the prior ALJ. He asserts, though, that since the ALJ found several new severe impairments at Step Two of the five-step process, then, by necessity, the new RFC would have to contain additional restrictions to account for his "worsened" condition. However, this argument assumes that each severe impairment at Step Two must correlate with some specific and unique restriction(s) in the RFC. This is not so. When a claimant has multiple severe impairments, the restrictions created by these impairments are not considered individually; rather, the combined impact of a claimant's impairments are considered throughout the disability determination process. See 20 C.F.R. §§ 404.1523, 416.923. Adding new impairments to an existing group of impairments would only call for additional RFC restrictions if the limitations caused by those new impairments had not already been accounted for.

Here, the new severe impairments found by the ALJ at Step Two are anxiety and degenerative joint/disc conditions. (The Court notes that, although Plaintiff also suggests that agoraphobia is a new severe impairment, the ALJ here treated it as part of his panic disorder, as did the prior ALJ. (R. 96).) In any event, considering that Plaintiff had been found by the earlier ALJ to have major depressive disorder and panic disorder, there is no reason to believe that an additional finding of anxiety created any new specific limitation(s) not accounted for in the earlier case. Indeed, the prior ALJ clearly treated Plaintiff's panic disorder as encompassing his anxiety (R. 91-103), and Plaintiff himself has represented his anxiety disorder as being related to the panic disorder already considered in the earlier case. (R. 194). Likewise, the RFC found by the earlier ALJ included numerous physical limitations based on Plaintiff's pain syndrome and torn meniscus, and, again, there is no indication of additional limitations that needed to be added to account for Plaintiff's degenerative joint/disc disorders. In fact, the ALJ in the prior case specifically indicated that Plaintiff's pain included back and hip pain. (R. 95-96). Moreover, the ALJ in this case discussed the impact of these degenerative conditions at some length in his decision, and substantial evidence supports his findings. It is noteworthy that Plaintiff himself does not even suggest what additional restrictions are warranted based on his new severe impairments.

Regardless, even assuming that Plaintiff's condition is worse now based on his newly found severe impairments, the RFC in this case is not, as Plaintiff suggests, the same as the one in his earlier case. The RFC found by the ALJ here requires that Plaintiff be permitted to use a cane for ambulation **and to stand**. (R. 14). The earlier RFC required merely that he be permitted to use the cane for ambulation. (R. 100). While the restrictions relating to Plaintiff's mental impairments are essentially the same, the Court again notes that there is no evidence that would suggest that any new restrictions were warranted, nor does Plaintiff suggest what those may be.

Accordingly, substantial evidence supports the ALJ's decision, regardless of whether or how the Court applies the law in regard to claim or issue preclusion.

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 9) is DENIED and defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record